UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK JAMES SCHMIDT,
　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　Case No.:  3:20cv5605/MCR/EMT

DR. DELGATO, et al.,
　　　Defendants.
　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION**

　　　This matter is before the court on Plaintiff's Amended Complaint, filed pursuant to 42 U.S.C. § 1983 (ECF No. 7).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  Upon review of the Amended Complaint, the court concludes this case should be dismissed as malicious for Plaintiff's abuse of the judicial process.

　　　Because Plaintiff is a prisoner, the court must review the Amended Complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form

required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915A(b)(1).  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process warranted where inmate made no attempt to disclose prior cases in original or amended complaint); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir.

2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action because prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all information known to him regarding prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819

(11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion, even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied this action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1). Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases filed in state and federal court (ECF No. 7 at 11–12).[1]

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system rather than the page numbers of the original document.

Case 3:20-cv-05605-MCR-EMT   Document 8   Filed 09/11/20   Page 5 of 10

Page 5 of 10

Questions A and B of Section IV ask whether Plaintiff initiated other actions in state or federal court dealing with the same or similar facts/issues involved in this action (ECF No. 7 at 11).  Plaintiff responded "Yes" to both questions and disclosed *Schmidt v. Blackenall, et al.*, Case No. 3:07cv139/RV/EMT (N.D. Fla.) (§ 1983 action dismissed for failure to comply with an order of the court) and *Schmidt v. Glidwell, et al.*, Case No. 3:07cv169/LAC/MD (N.D. Fla.) (§ 1983 action dismissed for failure to prosecute) (*see* ECF No. 7 at 11).[2]

Question C of Section IV asks whether Plaintiff had initiated other actions in either state or federal court that relate to the fact or manner of his incarceration, including habeas corpus petitions, or the conditions of his confinement, including civil rights complaints about any aspect of prison life (ECF No. 7 at 12).  Plaintiff responded "Yes" to this question and disclosed *Schmidt v. Edmond, et al.*, Case No. 3:20cv5408 (N.D. Fla.) (§ 1983 action dismissed for failure to comply with an order of the court).  Plaintiff obviously transposed the first two numbers of the case number of this previous case, because he is not a party in *Pate v. Joseph*, Case No. 3:20cv**54**08/MCR/MJF (N.D. Fla.).  Plaintiff was, however, a party in *Schmidt v.*

---

[2] In Plaintiff's initial Complaint, he listed *Schmidt v. Roller, et al.*, 3:20cv5594/MCR/HTC (N.D. Fla.) (§ 1983 action dismissed for abuse of judicial process) in response to Question A of Section IV (*see* ECF No. 1 at 5).

Case No.:  3:20cv5605/MCR/EMT

*Esmond, et al.*, Case No. 3:20cv**45**08/LAC/EMT (N.D. Fla.) (§ 1983 action dismissed for failure to comply with an order of the court).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on his handwritten form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 7 at 15). Thus, in effect, Plaintiff stated that, other than the cases identified in his initial Complaint and Amended Complaint, he had not initiated any action in federal court that relates to the fact or manner of his incarceration or the conditions of his confinement, including civil rights complaints about any aspect of prison life.

As routinely recognized by this court, the information from Section IV of the complaint form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Case No.: 3:20cv5605/MCR/EMT

*Spires v. Taylor*, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

The court takes judicial notice that prior to commencing the instant action on June 28, 2020, Plaintiff filed the following cases: *Schmidt v. OCDOC Dir., et al.*, Case No. 3:19cv551/LAC/EMT (N.D. Fla.) (§ 1983 action regarding lack of medical care at Okaloosa County jail, dismissed prior to service on July 31, 2019), and *Schmidt v. Okaloosa Cty. Bd. Of Comm'rs, et al.*, Case No. 3:14cv253/LAC/CJK (N.D. Fla.) (§ 1983 action regarding lack of medical care at Okaloosa County jail, dismissed prior to service on June 8, 2015). Plaintiff did not disclose these cases despite the complaint form's clear instruction that he do so.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The

court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior action(s) was required and that dismissal of the action may result from untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

---

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL" (ECF No. 7 at 11) (emphasis and capitalization in original). Plaintiff did not indicate he was unsure of any prior cases he may have filed.

Case No.:  3:20cv5605/MCR/EMT

is to dismiss this cause **without prejudice**.[4, 5]  *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue.  The statute of limitations for claims under § 1983 is four years.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state).  The conduct of which Plaintiff complains first occurred in June of 2020 (*see* ECF No. 1 at 7).  He thus has more than adequate time to file another civil rights action.

Case No.:  3:20cv5605/MCR/EMT

1.   That this case be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2.   That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 11th day of September 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:20cv5605/MCR/EMT